IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



IN RE:

DARRYL A. PARKER        Civil Action No. 3:14cv241

## MEMORANDUM OPINION

This matter is before the court on pro se appellant Darryl Parker's appeal from an order of the United States Bankruptcy Court for the Eastern District of Virginia (Phillips and Huennekens, B.J.)., pursuant to 28 U.S.C. § 158(a)(1). For the reasons set forth below, the decision of the Bankruptcy Court is affirmed.

## PROCEDURAL AND FACTUAL BACKGROUND

This is an appeal from a January 15, 2014 joint order in which the Bankruptcy Court suspended Parker from practicing in the Bankruptcy Court of the Eastern District of Virginia, ordered that Parker undergo legal education regarding bankruptcy law and ethics, and allowed Parker to apply for reinstatement to the Eastern District of Virginia's Bankruptcy Courts upon showing that he had completed his suspension and additional legal training and that he had satisfied previously-entered

make-whole orders that required him to remit fees to certain clients. Bankr. Rec. 5-6.

## A.   The Individual Case Orders

Throughout 2013, Parker, acting as counsel to various debtors, filed several bankruptcy cases in the Richmond Division of the United States Bankruptcy Court for the Eastern District of Virginia (collectively called the "Five Cases").[1] Upon motion of the United States Trustee, the Bankruptcy Judges to whom the cases were assigned[2] issued orders to Parker to show cause why he should not receive both monetary sanctions and a suspension for his actions and failures to act in the Five Cases. The judges held hearings in their respective cases on December 10, 2013. See Dkt. Nos. 2, 3, and 4.

Judge Phillips issued an opinion in Smith on January 14, 2014 (Dkt. No. 1-17), while Judge Huennekens issued a combined opinion in Vaughan, Tucker, Chavis, and Staten on January 15, 2014 (Dkt. No. 1-11). These opinions held, among other things, that Parker had failed to timely file documents; had falsely blamed debtors for late filings; had failed to advise clients

---

[1] The cases at issue are: Vanessa D. Smith, Case No. 13-31565; Alphanse Alonzo Tucker, Sr., and Joyce Bland Tucker, Case No. 13-31527; Lisa Vaughan, Case No. 13-34220; Danielle Rae Chavis, Case No. 13-35495; and Kenneth Staten, Case No. 13-35780.

[2] Smith was assigned to the Honorable Keith L. Phillips. Tucker, Vaughan, Chavis, and Staten were assigned to the Honorable Kevin R. Huennekens.

regarding the status of their case and various personal
obligations (including the obligation to attend counseling and
make monthly payments); had failed to attend several meetings
with his clients; had filed false compensation disclosures; and
had filed several documents containing false statements.
Several additional legal findings were made, including that:
Parker had violated Fed. R. Bankr. P. 9011 by filing a false
document with the court; that Parker had "failed to adequately
advise, communicate with, keep informed, and maintain the proper
demeanor with his clients", and had violated the Virginia Rule
of Professional Conduct; and that Parker's "unprofessional
services were of no value to – and in some cases, actually
detrimental to – his clients, subjecting them to peril." Dkt.
Nos. 1-17, 1-11.

The orders issued in conjunction with the January 15, 2014
opinion in Vaughan, Tucker, Chavis, and Staten also recite that
the Bankruptcy Court had found "Darryl A. Parker to be in
contempt for violation of various Rules of the Federal Rules of
Bankruptcy Procedure, for violations of various Local Rules of
this Bankruptcy Court, and for failure to adhere to the minimum
standards of professional conduct required of attorneys
practicing before this Court." Dkt. Nos. 1-16, 1-15, 1-12, 1-
14.   The Bankruptcy Court then proceeded to impose a $1,000
sanction payable to the Chapter 13 Trustee in each case and

3

required disgorgement of all fees in each case. Id. The order issued on January 14, 2014 in conjunction with the January 15, 2014 Smith opinion does not make an explicit finding of contempt. Dkt. No. 1-13. However, it does grant the United States Trustee's Motion to Examine Fees Paid and orders disgorgement for fees paid in Smith in addition to another payment. Id.

**B.    The Miscellaneous Proceeding – In re Darryl A. Parker**

In addition to the individual proceedings in each of the Five Cases, Judges Phillips and Huennekens together issued a separate order in a miscellaneous proceeding directly addressing the Trustee's request that Parker "be suspended from practicing before this Court and that he be required to participate in continuing legal education focusing on bankruptcy law and ethics." That order was issued on January 15, 2014. Bankr. Rec. at 5 and granted the Trustee's request and suspended Parker from practicing in the Eastern District of Virginia for four months[3] and ordered Parker to complete eight hours of legal education on bankruptcy law and four hours of legal education on legal ethics in bankruptcy law. Id. at 6. The order also provided that Parker was permitted to apply for reinstatement to practice before the Bankruptcy Court after his suspension period ended provided that he had made the payments ordered in the above-

---

[3] This suspension was to end on May 16, 2014. Bankr. Rec. at 5.

mentioned individual cases and had completed his legal training. Id.

Parker filed a notice of appeal of the miscellaneous order.[4] The notice states that it was sent by certified mail on January 28, 2014. However, it was received and entered by the clerk of the Bankruptcy Court on January 30, 2014. Id. Parker filed his brief with this Court on May 15, 2014. Dkt. No. 8. The Trustee filed his response brief with this Court on June 13, 2014. Dkt. No. 9. Parker has not filed his reply to the Trustee's response.

## DISCUSSION

**A.   Jurisdiction of the Court**

**1.   Time for Appeal**

As a threshold matter, the Trustee argues that this Court is without jurisdiction to consider the appeal because Parker failed to timely file his notice of appeal with the Bankruptcy Court. Appellee Brief, Dkt. No. 9, at 13. The Federal Rules of Bankruptcy Procedure require that an appellant file a "notice of appeal...with the clerk [of the Bankruptcy Court] within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. Pro. 8002(a). "It is well

---

[4] The notice of appeal identified "the ORDER of the Bankruptcy Judge, entered on the 15th Day of January 2014" and lists Miscellaneous Proceeding No. 14-301 as the order appealed. Misc. Pro. No. 14-301, Dkt. No. 4.

5

settled that, if a prospective appellant fails to timely file his notice of appeal, the District Court is stripped of its jurisdiction to hear the appeal." Chien v. Commonwealth Biotechnologies, Inc., 484 B.R. 659 (E.D. Va. 2012) (citing Smith v. Dairymen, Inc., 790 F.2d 1107, 1111 (4th Cir. 1986) ("[O]nly a party who files a notice of appeal properly invokes the appellate jurisdiction of the district court."))

In this case, the Bankruptcy Court order from which the appeal was taken was entered on January 15, 2014. Accordingly, under the Rules, Parker had until January 29, 2014 to file his Notice of Appeal with the Clerk of the Bankruptcy Court. The Notice of Appeal was stamped by the Clerk on January 30, 2014. Bankr. Record at 9. Thus, the Trustee maintains that Parker filed his notice of appeal outside of the time permitted by the Rules. Parker has not responded to this argument.

"In most instances, a notice of appeal is considered 'filed' when it is received by the court with which it is to be filed." Chien, 484 B.R. at 663 (citing Houston v. Lack, 487 U.S. 266 (1988)). However, the United States Court of Appeals for the Fourth Circuit has adopted a different rule when dealing with appeals from the Bankruptcy Court to the District Court. This rule is called the mailbox rule. In re Pigge, 539 F.2d 369, 371 (4th Cir. 1976). The mailbox rule states that a notice of appeal is "timely filed" when "the [appellant's] counsel

placed the notice in the mails." _Id._ at 371. Because the Fourth Circuit has never overruled _In re Pigge_ and the mailbox rule is not inconsistent with the Rules of Bankruptcy Procedure, it is controlling in this case.

"Unfortunately, the Bankruptcy Court neither retains nor records the date of the postmark on filings that are sent by mail." _Chien_, 484 B.R. at 663. Additionally, Parker has not responded to the Trustee's Brief asserting a lack of jurisdiction to alert this Court as to the date he placed the notice in the mail. However, the Notice of Appeal that Parker filed is dated January 28, 2014. It is reasonable to assume, considering that the Bankruptcy Court in Richmond received and filed the notice on January 30, 2014, that the notice was mailed by Parker (who resides in Richmond) on either January 28 or January 29, 2014. As both January 28 and 29 are within the 14-day filing period, under the mailbox rule, Parker's filing was timely and therefore the Court has jurisdiction over the appeal from the Bankruptcy Court in _In re Darryl A. Parker_.

## 2. Jurisdiction Over "Make Whole" Orders in Individual Cases

The Trustee also argues that, should the filing be considered timely, this Court only has jurisdiction over the order entered in the Miscellaneous Proceeding and not over the orders entered in the individual proceedings. Appellee's Brief,

Dkt. No. 9, at 18.  The Trustee points out that "Mr. Parker's notice of appeal stated that he was appealing 'the ORDER of the Bankruptcy Judge, entered on the 15th Day of January, 2014'" and was filed solely in the miscellaneous proceeding entitled <u>In re Darryl A. Parker</u> rather than the individual bankruptcy cases. <u>Id.</u> (citing Bankr. Rec. at 9).  As a result, the Trustee argues that Parker "did not appeal the orders entered in the bankruptcy cases, which had directed him to return money to the debtors and make payments to the case trustees to offset their expenses attendant to his conduct in their cases." <u>Id.</u> at 19.

28 U.S.C. §158(c)(2) provides that "an appeal under [28 U.S.C. §§ 158 (a) and (b)] shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts."  Thus, an appeal of a Bankruptcy Court to a District Court, authorized by 28 U.S.C. § 158(a), must follow the procedural guidelines set forth for appeals from District Courts to Courts of Appeals.[5]

---

[5] The Trustee argues that this rule weighs in favor of ignoring Fourth Circuit precedent in <u>In re Pigge</u> and instead applying the general rule of "filed when received" to the determination of the filing date in this case.  As discussed above, that argument has been rejected.  However, there is no Fourth Circuit precedent that conflicts with the general guidelines as laid out in the statute and Supreme Court precedent.  Thus, the rules governing appeals from the District to the Circuit Courts will definitively apply to this issue.

Fed. R. App. P. 3(a) directs that "an appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk." Fed. R. App. P. 3(c) further specifies the required contents of the notice of appeal; this includes a "designat[ion of] the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). "Generally, the requirements of Fed. R. App. P. 3 are liberally construed." Jones v. Prince George's County, Maryland, 355 Fed. Appx. 724, 728 (4th Cir. 2009) (holding that a notice of appeal which explicitly referenced one order but failed to designate another did not grant the court jurisdiction to hear the non-designated order)(citing Torres v. Oakland Scavenger Co., 487 U.S. 312, 316 (1988)). However, "this principle of liberal construction does not...excuse non-compliance with the Rule." Smith v. Barry, 502 U.S. 244, 248 (1992). Additionally, "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." Id.

Parker's Notice of Appeal states that he "appeals...from the ORDER of the Bankruptcy Judge, entered on the 15th Day of January, 2014" and he lists only the case name (In re Darryl A. Parker) and number (MP No. 14-00301-KLP) of the miscellaneous proceeding on the Notice of Appeal. Bankr. Rec. at 9. There is no mention of any of the individual proceedings in Smith,

9

_Tucker_, _Chavis_, _Vaughan_, and _Staten_.   Additionally, other than
the fact that an opinion in _Tucker_, _Chavis_, _Vaughan_, and _Staten_
was also issued on January 15, 2014 (the date mentioned in the
Notice of Appeal), there is no indication that Parker was
attempting to appeal those orders in this case.

While Rule 3 is to be liberally construed, it cannot be
manipulated beyond all recognition. To allow Parker to appeal
the contents of the individual case orders in this proceeding
would be to ignore the directive that "liberal construction does
not ...excuse compliance with the rule" and allow Parker to
skirt the rules and precedent. _Jones_, 355 Fed. Appx. at 728.
Thus, this Court lacks jurisdiction to consider the orders
entered in _Smith_, _Tucker_, _Vaughan_, _Chavis_, and _Staten_ and will
only consider an appeal of the order entered in _In re Darryl A._
_Parker_, MP No. 14-00301-KLP.

**B.   The Appeal**

This Court reviews the Bankruptcy Court's legal conclusions
de novo.   _In re Johnson_, 960 F.2d 396,399 (4th Cir. 1992).
Factual findings are reviewed only for clear error.   _Id._; _see_
_also_ Fed. R. Bankr. P. 8013.   A Bankruptcy Court's order
imposing sanctions is reviewed for abuse of discretion.
_McGahren v. First Citizens Bank & Trust Co. (In re Weiss)_, 111
F.3d 1159, 1169 (4th Cir. 1997).

10

Parker raises several issues in his brief. Appellant's Brief, Dkt. No. 8, at 2-3. First, he argues that the sanctions imposed by the Bankruptcy Court was "too severe and did not fit the alleged misconduct." Id. at 2. Second, he argues that the Bankruptcy Court's finding that its order of contempt was civil was incorrect. Id. Third, he argues that the contempt order was criminal and thus that the Bankruptcy Court did not have jurisdiction to enter it. Id. Fourth, he argues that the evidence presented was insufficient to support a charge of contempt. Id. Finally, Parker argues that his prosecution was "discriminating, in that others have committed the same conduct…and have never been prosecuted…in this manner." Id. at 3.

## 1.   Abandoned Issues

Parker raises two issues in the "Assignments of Error" section of his brief that are not addressed further in the "Law and Argument" section. Appellant's Brief, Dkt. No. 8. Assignment 4 states that "the evidence presented at the trial of this matter was totally insufficient for the Court's finding of Contempt." Additionally, Assignment 5 states that "the prosecution of [the] Appellant was discriminating in that others have committed the same conduct as [the] Appellant and have never been prosecuted by this Court in this manner." Id. at 2-

11

3.   Even though these assignments were listed in the beginning of his brief, Parker does not otherwise address them.

Fed. R. App. P. 28 states that the Appellant's brief "must contain...the argument, which must contain: appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed R. App. P. 28(a)(8)(A).   The Fourth Circuit has held that "failure to comply with the specific dictates of [Rule 28] with respect to the particular claim triggers abandonment of that claim on appeal." Suarez-Valenzuela v. Holder, 714 F.3d 241, 249 (4th Cir. 2013) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999)).   Thus, pursuant to 28 U.S.C. §158(c)(2)'s directive and Fed. R. App. P. 28(a)(8)(A)'s requirements, the Court will not consider Parker's Assignments 4 and 5.

## 2.   The Appealed Sanctions

Parker alleges in his appeal that the Bankruptcy Court's orders constituted criminal contempt sanctions and that the Bankruptcy Court lacked the power to impose those sanctions. Additionally, Parker alleges that the sanctions issued by the Bankruptcy Court constituted an "abuse of discretion." Appellant's Brief, Dkt. No. 9, at 2, Assignments 1, 2, and 3. The sanctions appealed include monetary sanctions, a required 12 hours of legal education, and a suspension from legal practice

in front of the Bankruptcy Court for the Eastern District of Virginia. Id. at 3. Each will be addressed in turn.

### a.   The Suspension Order

Parker argues that the four-month suspension order, issued in In re Darryl A. Parker, "punishes...Appellant for past behavior" and thus constitutes a criminal contempt order, which lies outside the power of the Bankruptcy Court. Id. at 4. For the reasons stated below, this argument is rejected.

It is unclear from the order of January 15, 2014 in In re Darryl A. Parker whether the Bankruptcy Court was issuing the suspension as a punishment upon a finding of contempt, pursuant to its civil contempt authority under 11 U.S.C §105(a)[6] or whether it was exercising its inherent power to sanction. A federal court has an inherent power "to control admission to its bar and to discipline attorneys who appear before it." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). This power to sanction has been recognized in the Fourth Circuit as with the Bankruptcy Court in addition to Article III courts. See McGahren (In re Weiss).

---

[6] "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

13

The Court's underlying ability to sanction those lawyers who appear before it encompasses the ability to suspend those lawyers whose conduct warrants such treatment. A suspension does not impose a criminal sanction, nor is it uniquely civil. "Attorney suspension is 'neither civil nor criminal, but an investigation in to [sic] the conduct of the lawyer-respondent...[and aims to] maintain the integrity of the courts and the profession." Price v. Lehtinen (In re Lehtinen), 564 F.3d 1052, 1059 (9th Cir. 2009). See also In re Echeles, 430 F.2d 347, 349-50 (7th Cir. 1970); Richmond v. N.H. Supreme Court Comm. On Prof'l Conduct, 542 F.3d 913, 916 (1st Cir. 2008). Thus, it falls within the court's inherent sanction power and should not be considered a criminal punishment.

Because the Bankruptcy Court had the power to impose the suspension, the next issue is whether the Bankruptcy Court abused its discretion in doing so. In re Morrissey, 305 F.3d 211, 216-17 (4th Cir. 2002). A Bankruptcy Court can be said to have abused its discretion when "its decision is guided by erroneous legal principals or rests upon a clearly erroneous factual finding." PBM Prods. LLC v. Mead Johnson & Co., 639 F.3d 111, 125 (4th Cir. 2011). It is clear that the Bankruptcy Court did not abuse its discretion here.

The record before this Court is rife with examples of Parker's deficient performance before the Bankruptcy Court in

14

the Five Cases. He submitted false documents; he failed to properly advise clients; he failed to attend court proceedings; he provided incompetent and valueless services that hindered both the Bankruptcy Court's operations and his clients' cases. The Bankruptcy Court's findings of fact supporting its suspension order, as stated in the Memorandum Opinions, are clearly not erroneous. To the contrary, they appear clearly correct. Because Parker displayed such ineptitude for such a prolonged period of time in so many cases, the Bankruptcy Court was well within the bounds of judicial reasonableness, acting under its inherent power to sanction attorneys before it, to suspend Parker's right to practice in front of it for a period of four months.[7] That order was intended to ensure future compliance with the law and the Bankruptcy Court's standards guiding bankruptcy proceedings. Because the suspension order was within the Bankruptcy Court's power and was not an abuse of discretion, Parker's challenge to it is denied.

### b. Legal Education Requirement

Parker additionally challenges the Bankruptcy Court's power to enter an order compelling him to complete 12 hours of continuing legal education. Like the challenge to the suspension order, this challenge is without merit.

---

[7] Indeed, the period of the suspension was quite lenient when measured against the conduct that necessitated the suspension.

15

As before, it is unclear whether the continuing legal
education order was imposed in relation to the finding of civil
contempt in the individual cases or whether it was limited only
to the miscellaneous proceeding.  However, the Bankruptcy
Court's power to compel an attorney practicing before it to
obtain further education is another manner of "maintain[ing] the
integrity of the courts and the profession."  <u>Price</u> (<u>In re
Lehtinen</u>), 564 F.3d at 1059.  Therefore, that power is within
the inherent sanction power.  Because, as explained above, the
sanction power extends to the Bankruptcy Court, it did not act
outside the scope of its power in issuing a compelled legal
education order.

An abuse of discretion standard applies to this review as
well.  The Bankruptcy Court clearly did not abuse its discretion
in ordering Parker to attend 12 hours of continuing legal
education on bankruptcy law and ethics.  Parker's conduct makes
clear that he was either unaware of, or unconcerned with, the
rules that govern practice in the Bankruptcy Court.  Because his
actions and failures to act occurred in the Bankruptcy Court, it
was entirely reasonable for the Bankruptcy Court to conclude
that Parker must be further educated in the rules of the
Bankruptcy Court and the ethical obligations of the profession
before resuming practice in that Court.  Requiring an attorney,
entrusted with his clients' financial futures, to understand and

16

follow the law and court rules is not only reasonable, but essential. Thus, because the continuing legal education order was within the Bankruptcy Court's power and did not constitute an abuse of discretion, Parker's challenge is denied.[8]

## C.  Disgorgement of Client Fees

Next, Parker challenges the monetary sanctions imposed by the Bankruptcy Court in the Five Cases. While those cases were not appealed, the order in In re Darryl A. Parker conditions Parker's reinstatement to practice in the Bankruptcy Court on his compliance "with all of the monetary sanctions ordered in each of the Five Cases" and required "proof of payment of the monetary sanctions in each of the Five Cases" in his reinstatement application. Bankr. Rec. at 6. Hence, the monetary sanctions appear to have been integrated into the miscellaneous proceeding's order and will thus be addressed by the Court for good measure.

The first type of monetary sanction imposed on Parker in the Five Cases was an order that Parker "disgorge to the [debtor] all fees paid in [the] case", including filing and attorney's fees. See Smith Order, Dkt No. 1-13; Chavis Order, Dkt. No. 12; Staten Order, Dkt. No. 14; Tucker Order, Dkt. No. 15; Vaughan Order, Dkt. No. 16. This is based upon the

---

[8] Like the suspension period, the education requirement was lenient in perspective of Parker's conduct demonstrating the need for education.

Bankruptcy Court's determination that Parker provided no value to his clients.  See <u>Smith</u> Memorandum Opinion, Page 16-17, Dkt. No 1-17; <u>Chavis</u> Order, Dkt. No. 1-12; <u>Staten</u> Order, Dkt. No. 1-14; <u>Tucker</u> Order, Dkt. No. 1-15; <u>Vaughan</u> Order, Dkt. No. 1-16.

Bankruptcy Courts have the power to oversee debtor's transactions with their attorneys under 11 U.S.C §329.  §329 states that "if [attorney] compensation exceeds the reasonable value of [attorney] services, the court may cancel any...agreement, or order the return of any...payment, to the extent excessive to the estate or the entity that made such payment."  11 U.S.C §329(b).  The opinions in the Five Cases clearly state that the payments to Parker's clients were disgorgement orders of attorney's fees and filing fees already paid in the cases.  Thus, the orders fall squarely under § 329(b) and are within the Bankruptcy Court's power.

Like the previous two sanctions, the Bankruptcy Court did not abuse its discretion in ordering Parker to disgorge money received from his clients in the Five Cases.  Parker's services provided no value to his clients.  His ignorance of, and disrespect for, the Bankruptcy Court's rules and the law negatively affected his clients' cases, in some instances resulting in dismissals, and certainly led to more harm than benefit.  Thus, because the orders to disgorge fees was within the Bankruptcy Court's power under § 329(b) and did not

18

constitute an abuse of discretion, Parker's challenge to the disgorgement provision is denied.

## D.  Reimbursement Sanction to Trustee

The final sanction to which Parker objects is the reimbursement order imposed in four of the Five Cases[9] which required him to pay the Chapter 13 Trustee $1,000 in each case "as reimbursement for expenses incurred by the trustee attending to Parker's transgressions." Chavis Order, Dkt. No. 1-12; Staten Order, Dkt. No. 1-14; Tucker Order, Dkt. No. 1-15; Vaughan Order, Dkt. No. 1-16.  Parker argues that this is a criminal contempt punishment and lies outside of the Bankruptcy Court's power.  Like the above monetary sanction, the orders granting this reimbursement were not appealed in this case. However, their incorporation into the order in In re Darryl A. Parker weighs in favor of addressing their validity.

Parker argues that the monetary sanctions were fines.  They are, however, reimbursement orders and thus fall under the sanction power of the Bankruptcy Court.  As stated above, the Bankruptcy Court has inherent authority to sanction attorneys appearing before it for their failure to properly operate within the bounds of the law.  The monetary sanction was a reimbursement sanction meant to make the other parties to the

---

[9] This sanction was issued by Judge Huennekens in Chavis, Tucker, Vaughan, and Staten.  Judge Phillips did not incorporate this sanction in Smith.

proceeding whole and not a criminal contempt order meant to punish. The Chapter 13 Trustee in each of the Five Cases and the government agency which employs the Trustee had invested considerable time and effort into the Five Cases, and Parker's transgressions resulted in that time and effort being wasted.

The Bankruptcy Court's sanction power, allowing it to discipline those attorneys who appear before it, extends to requiring deficiently-performing attorneys to reimburse those who were negatively affected by their wrongdoing. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258 (1975) (stating that the inherent sanction power permitted a court to assess attorneys' fees) (superseded by statute on other grounds); Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178 (9th Cir. 2003)(upholding a bankruptcy court's award of the Trustee's legal fees); Oliveri v. Thompson, 803 F.2d 1265 (2nd Cir. 1986) (court's exercise of its inherent sanction power creates an exception to the rule that parties bear their own fees and expenses of litigation); In re Couch-Ruzzell, 2003 Bankr. LEXIS 2260, at 12 (Bankr. D. Idaho 2003) (The inherent sanction power "includes the ability to assess sanctions in the form of attorneys' fees and costs..."); In re 72nd St. Realty Association, 185 B.R. 460, 475 (Bankr. S.D.N.Y. 1995) ("A court is empowered to assess costs and fees against an attorney and/or his client where a party acts in bad faith, vexatiously,

wantonly, or for oppressive reasons"). Thus, the Bankruptcy Court properly exercised its power in imposing this sanction.

The reimbursement order did not constitute an abuse of discretion. Parker's actions and failures to act resulted in wasted time and effort by the Chapter 13 Trustee in each of the four cases in which the reimbursement sanction was imposed. It was not erroneous for the Bankruptcy Court to find that Parker's misdeeds cost the Trustee a substantial amount of time over the course of the cases, nor would it have been erroneous for the court to believe that a reimbursement order properly corresponded with the extent the loss Parker caused. Thus, because the Bankruptcy Court had the power to issue a reimbursement order under its sanction power, and its doing so was not an abuse of discretion, Parker's challenge is denied.

## CONCLUSION

For the foregoing reasons, the Court finds that the four sanctions imposed against Parker were appropriate. None of Parker's arguments respecting the Bankruptcy Court's authority to issue the sanctions or the sanctions' propriety has merit. Parker had been given several opportunities to perform effectively in the Bankruptcy Court and had failed multiple times. Parker's failures harmed his clients and the court system and warranted appropriate sanctions that are aimed to

ensure future compliance with court rules, ethics laws, and statutory mandates and that emphasized to Parker the severity of what he had done and failed to do.  The order of the Bankruptcy Court will be affirmed.

It is so ORDERED.

_____  /s/    _____
                       Robert E. Payne
                       Senior United States District Judge


Richmond, Virginia
Date:  September 26, 2014